IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KEITH ANTON WILKERSON, )
 )
      Plaintiff, )
 )
  v. ) CIV. NO.: 1:14cv1155-MHT-WC
 )
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
 )
      Defendant. )

# RECOMMENDATION OF THE MAGISTRATE JDUGE

**I.     INTRODUCTION**

Keith Anton Wilkerson ("Plaintiff") filed an application for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381, *et seq.*, on May 19, 2011. His application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision finding Plaintiff not disabled from the date the application was filed through the date of the decision. Plaintiff appealed to the Appeals Council, which rejected his request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the

---

[1]     Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

court for review under 42 U.S.C. § 405(g). The District Judge has referred this matter to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Order (Doc. 16). Based on the undersigned's review of the record and the briefs of the parties, the Magistrate Judge hereby RECOMMENDS that the court AFFIRM the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step Four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step One through Step Four. At Step Five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical

---

[3] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and *vice versa*. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

Vocational Guidelines[4] ("grids") or call a vocational expert ("VE").  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The court's review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.   . . . No

---

[4]   *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

> similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-six years old on the date he filed his application, and had completed his high school education. Tr. 29, 39. Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since May 19, 2011, the application date[.]" Tr. 21. At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: "status post hemorrhagic stroke; hypertension; alcoholic cirrhosis; peripheral vascular disease; diabetes mellitus; chronic small vessel ischemic disease; right rotator cuff tendonitis; [and] status post compression fracture of thoracic spine[.]" Tr. 21. At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" Tr. 24. Next, the ALJ articulated Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work . . . except he can perform occasional lifting of 20 pounds and frequent lifting of 10 pounds. He can sit for six hours, stand for six hours, and walk for six hours during an entire eight-hour workday. The claimant is restricted from climbing ladders, ropes, and scaffolds. He can occasionally stoop, kneel, crouch, crawl, and balance. The claimant can use his right upper extremity/hand constantly fingering and feeling an[d] can perform occasional overhead reaching with the right upper extremity. The claimant has no limitations for using his left upper extremity and can use his bilateral upper extremities for constant reaching below the overhead level. The

> claimant is restricted from dangerous heights and is restricted from dangerous machinery. The claimant can maintain concentration and pay attention for two hours at a time, i.e., vocationally relevant periods[,] without limitation.

Tr. 24. The ALJ next concluded at Step Four that Plaintiff "has no past relevant work[.]" Tr. 28. Finally, at Step Five, and based upon the testimony of the VE, the ALJ determined that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform[.]" Tr. 29. The ALJ identified several representative occupations, including "Laundry Folder," "Non Postal Mail Clerk," and "Shipping/Receiving Clerk." Tr. 30. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . at any time during the period beginning May 19, 2011, the date the application was filed, and continuing through the date of this decision[.]" Tr. 30.

## IV. PLAINTIFF'S CLAIM

Plaintiff presents one issue for the court to consider in its review of the Commissioner's decision, arguing that the Commissioner's decision should be reversed because the ALJ "erred in relying upon the testimony of the vocational expert . . . since it conflicted with the Dictionary of Occupational Titles" ("DOT") in that the expert purportedly erred in both describing Plaintiff's previous work as medium exertional level work and "in the coding of the non-postal mail clerk and shipping/receiving clerk" representative occupations identified by the ALJ. Pl.'s Br. (Doc. 12) at 5, 10.

## V.  DISCUSSION

At the hearing before the ALJ, Plaintiff testified about his brief employment with a lumber company in 2000.  He described his job as "[p]ulling two-by-fours, stacking them on a crane chain."  Tr. 39.  The VE was asked to classify Plaintiff's work in the lumber industry, including "the DOT number, the exertional level, and the SVP number[.]"  Tr. 49.  The VE testified that Plaintiff's prior work "appears to be as a lumber stacker or lumber straightener.  Medium unskilled, has an SVP of 2.  And the code is 669.687-018."  Tr. 49.  Plaintiff's attorney did not elicit further testimony from Plaintiff about the nature of his work and did not question the VE about his classification of Plaintiff's work at the hearing.  However, Plaintiff now argues that the VE erred, and the ALJ consequently erred in relying upon the VE's testimony, because "Lumber Stacker is DOT Code 922.687-070.  This is [a] heavy, unskilled job with an SVP of 2 making the judges [sic] rationale totally incorrect."  Pl.'s Br. (Doc. 12) at 10 (citations omitted).  Plaintiff thus submits that the ALJ "erred in relying on the vocation expert witness testimony when he classified the past work as medium work when it was actually heavy work[.]"  *Id.*

Plaintiff's argument is problematic for several reasons.  First, it is not at all clear that the ALJ erred in his classification of Plaintiff's prior work.  The DOT code the ALJ identified describes the occupation "Lumber Straightener" as follows:

> Straightens lumber on conveyor to align lumber for grading, sawing, edging, trimming, sorting, stacking, or for transfer to other conveyors. Clears jammed material, . . . to permit normal flow of lumber along conveyor. Cleans work area, using broom and shovel. May pile lumber on

> trucks or pallets. May tend automatic conveyor and sorting machine that sorts lumber for further processing.

DOT § 669.687-018. The description for "Lumber Handler," which Plaintiff argues the ALJ should have utilized, is as follows:

> Stacks lumber on kiln cars, in yard, or in shed to dry or store, performing any combination of following tasks: Places lumber piece by piece in layers, leaving space between edges of adjacent pieces. Places sticks between layers as stack rises to permit circulation of air and bind stack together. Stands on ground and hands lumber to another worker on top of stack. Positions timbers on kiln car, ground, or shed floor to build foundation for lumber stacks. Places blocks against wheels of loaded kiln car to prevent movement of car. Unloads lumber from stacks or kiln cars. Places lumber, veneer, or plywood on conveyor for further processing. Loads and unloads stacking machine, working in teamwork with other workers. May stack bundles of laths or barrel staves. May attach identity card to stacks of lumber and record number of stacks by species for supervisor. May carry materials, such as lumber, mortar mix, and nails to sales counter or load materials onto delivery trucks.

DOT § 922.687-074. Plaintiff provides no explanation for why the "Lumber Handler" occupation better matches his actual work than does "Lumber Straightener." Again, Plaintiff testified only that he "pulled" lumber and stacked it on a "crane chain." Tr. 39. While stacking "two-by-fours" on a "crane chain" might sound like some of the work described in the "Lumber Handler" position, without more detail, the undersigned cannot find that the VE erred in failing to rely upon that DOT code, especially where it is contemplated that a "Lumber Straightener" may "pile lumber on trucks or pallets." DOT § 669.687-018. As such, the undersigned does not find reversible error in the ALJ's reliance on the VE's coding.

8

Ultimately, even if the VE, and consequently the ALJ, had erred in his classification of Plaintiff's prior work, such error was harmless at most. The ALJ found that Plaintiff has no past relevant work, including his work in the lumber industry, because "[w]hile the claimant apparently worked as a lumber stacker long enough to learn the job properly, the evidence does not support finding that he performed this job at the substantial gainful activity level." Tr. 29. Because the ALJ found that Plaintiff has no past relevant work as a lumber stacker, the ALJ was not required to determine, and indeed made no attempt to conclude, that Plaintiff is not disabled because his current RFC allows him to perform past relevant work. Moreover, Plaintiff does not explain how he could possibly have been prejudiced by the ALJ's failure to conclude that his prior work was performed at the heavy, rather than medium, exertional level, where the ALJ explicitly found in his RFC that Plaintiff can perform only "light work" with additional exertional limitations. *See* Tr. 24. Accordingly, any error arguably committed by the VE and ALJ in classifying Plaintiff's prior work was harmless and does not warrant reversal of the Commissioner's decision.

Plaintiff also argues that the VE provided the wrong DOT codes for two of the three representative occupations a hypothetical person with Plaintiff's RFC could perform. The VE testified that the hypothetical person described by the ALJ at the hearing could perform "light, unskilled, entry-level work[,]" including "laundry folder," with DOT occupational code 369.687-018, "mail clerk, non-postal," with DOT

9

occupational code 209.687-026, and "shipping and receiving clerk," with DOT occupational code 222.387-074. Tr. 50-51. The ALJ further confirmed that the VE's testimony did not "deviate in any way from the way those jobs are described" in the DOT. Tr. 51.

Plaintiff argues that the VE erred because, he asserts, the mail clerk, non-postal code is actually 739.687-030 and the shipping and receiving clerk code is 222.387-050. Pl.'s Br. (Doc. 12) at 10. First, it is again not at all clear that the ALJ actually erred as Plaintiff argues. The DOT codes for the "mail clerk, non-postal" and "shipping and receiving clerk" occupations given by the ALJ correspond with occupations titled "Mail Clerk" (*see* DOT 209.687-026) and "Shipping-and-Receiving Weigher (clerical)" (*see* DOT 222.387-074). Both occupations involve light work and Plaintiff does not even argue that the duties of each are inconsistent with the RFC articulated by the ALJ. Nor does Plaintiff indicate why the "mail clerk" coding utilized by the ALJ, which corresponds with the DOT coding for "Mail Clerk (clerical)," is somehow erroneous. Moreover, the occupational code which Plaintiff asserts the ALJ should have utilized for "Mail Clerk," DOT 739.687-030 (*see* Pl.'s Br. (Doc. 12) at 10), appears to correspond with the DOT title "Assembler, Small Products II (any industry)." While Plaintiff correctly posits that there is a separate DOT code for "Shipping and Receiving Clerk (clerical)" (*see* DOT 222.387-050), it would have been erroneous for the ALJ to rely upon this code because "Shipping and Receiving Clerk" requires medium, rather than

10

light strength work, and therefore would have been inconsistent with the hypothetical posed to the VE by the ALJ.

In any event, even if the VE had erred in assigning codes to the occupational titles for "mail clerk, non-postal" and "shipping and receiving clerk," it is apparent that any reliance by the ALJ on such error does not warrant reversal. To complete the fifth step of the disability determination process, the ALJ is required to determine "if there is other work available in significant numbers in the national economy that the claimant has the ability to perform." *Phillips*, 357 F.3d at 1239. Social Security regulations establish that "[w]ork exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications." 20 C.F.R. § 416.966(b). In order to assist the ALJ with his fifth-step inquiry, the VE was simply asked whether, given a hypothetical person with the RFC articulated by the ALJ, there is "any work in the regional or national economy that a person with that profile could perform?" Tr. 50. In addition to the two occupations which Plaintiff asserts the VE somehow erred in stating occupational codes, the VE identified "laundry folder," with DOT code 369.687-018, and testified that there "1,250 of those jobs in the state" and "220,000 in the national economy." Tr. 50. Plaintiff does not challenge the VE's coding with respect to this occupation or the VE's testimony about the number of jobs available in the state or national economies for such occupation. Because the VE testified that there are 1,250

11

"laundry folder" jobs available in Alabama and 220,000 such jobs in the national economy, the ALJ's determination that there is work available in significant numbers which a person with Plaintiff's RFC can perform is supported by substantial evidence. *See, e.g., Brooks v. Barnhart*, 133 F. App'x 669, 670-71 (11th Cir. 2005) (affirming ALJ's finding that "840 polisher, document preparer, and bonder jobs constituted a significant number in the national economy" and remarking that "[w]e have upheld the ALJ's finding that 174 small appliance repairman position[s] in the area in which the claimant resided established the existence of work in significant numbers."). Accordingly, the ALJ did not reversibly err in relying upon the VE's testimony in performing his Step Five inquiry.

## VI.  CONCLUSION

The undersigned Magistrate Judge has carefully and independently reviewed the record and RECOMMENDS that, for the reasons given above, the decision of the Commissioner be AFFIRMED.  Further, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before December 28, 2015**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo*

determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 10th day of December, 2015.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE

13